UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSELYN LEE,

               Plaintiff,

     v.

SECRETARY OF STATE OF
CALIFORNIA,

               Defendant.

Case No.  20-cv-01507-JCS


**ORDER TO SHOW CAUSE WHY
CASE SHOULD NOT BE DISMISSED**

## I.     INTRODUCTION

Plaintiff Joselyn Lee, pro se, applied to proceed in forma pauperis and the Court granted her application.  *See* Docket No. 8.  The Court now reviews the sufficiency of Lee's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B).  Because the complaint does not appear to plausibly state a claim, Lee is ORDERED TO SHOW CAUSE why the complaint should not be dismissed.  Lee may file either an amended complaint or a response to this order addressing why her complaint is sufficient, no later than **August 28, 2020**.

## II.    ALLEGATIONS OF THE COMPLAINT[1]

Lee's handwritten complaint is entitled "Petition for the Granting of Car Registration Where the Homeless Petitioner Sleeps & Dismissal of Parking Ticket Which was Unconstitutionally and Maliciously Issued."  Complaint at 1.  Lee names as the sole defendant the "Secretary of State of California Secretary."  *Id*.  Lee alleges in the Complaint that she received "an ill-willed, dishonestly issued parking ticket."  *Id*.  She claims that this ticket had no payment

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Lee's allegations as if true.  Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case

1    or appeal deadline and that it was stolen from her after she finished researching "the law on

2    'double parking[,]'" apparently intending to appeal the ticket. *Id*.  She alleges that she tried to

3    track down the parking ticket by going to Traffic Court but no record of it could be found.  *Id*. at

4    1-2.  She then went to the Superior Court, where the clerk told her she had no outstanding

5    citations.  *Id*. at 2.

6         Lee asserts that this incident was part of a "pattern of malicious and stolen tickets."  *Id*.

7    She claims that "this parking ticket was given within a slew of three rapidly successive citations."

8    *Id*. at 3.  According to Lee, the previous two tickets were "ruled invalid."  *Id*. While the Complaint

9    is difficult to follow, it appears that Lee also allegedly received citations for: 1) being in a park

10   after hours; and 2) complaining about a bad smell at a public library, leading to a citation that

11   resulted in her inability to use the library and depriving her of internet access.  *Id*. at  2-3. She

12   appears to allege that she already challenged these two tickets, which she had "shown . . . to the

13   judge" and that they have been "ruled legally invalid."  *Id*. at 2-3.  Lee maintains that the third

14   ticket is part of a "pattern of unremitting constitutional violations and civil rights violations."  *Id*.

15   at 4.  She also alleges that it is "[t]he only impediment to [her] being issued" her car registration as

16   she has already passed the smog test and has always paid her vehicle registration fee on time in the

17   past. *Id.* at 1.

18        As relief, Lee asks the Court to order that the California Secretary of State register her car

19   and dismiss the parking ticket.  *Id*.  She notes that getting her car registered is particularly

20   important to her because she is homeless and lives in her vehicle.  *Id*.

21   **III.    ANALYSIS**

22        **A.    Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

23        Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

24   to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:

25   (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

27   *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

28        To state a claim for relief, a plaintiff must make "a short and plain statement of the claim

2

United States District Court
Northern District of California

1    showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Further, a claim may be

2    dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6);

3    *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir.

4    2007).  In determining whether a plaintiff fails to state a claim, the court takes "all allegations of

5    material fact in the complaint as true and construe[s] them in the light most favorable to the non-

6    moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975

7    (9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is

8    inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S.

9    662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not

10   necessarily assume the truth of legal conclusions merely because they are cast in the form of

11   factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal

12   quotation marks omitted).  The complaint need not contain "detailed factual allegations," but must

13   allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing

14   *Twombly*, 550 U.S. at 570).

15           Where the complaint has been filed by a pro se plaintiff, courts must "construe the

16   pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d

17   338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint

18   unless it is absolutely clear that the deficiencies in the complaint could not be cured by

19   amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds

20   by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further,

21   when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must

22   provide the litigant with notice of the deficiencies in his complaint in order to ensure that the

23   litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d

24   1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of deficiencies, the pro se litigant

25   will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th

26   Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

27   **B.    Lee's Complaint is Barred By the Eleventh Amendment**

28           Lee brings this action against the "California Secretary of State," who is the sole

3

1    defendant.  Lee does not identify the Secretary of State by name, indicating that she is suing the

2    California Secretary of State in his official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 165–

3    66 (1985) (explaining that an official-capacity suits . . . "generally represent only another way of

4    pleading an action against an entity of which an officer is an agent." (quoting *Monell v. New York*

5    *City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)).  "As long as the government entity

6    receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than

7    name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471

8    (1985)).   Thus, the Court construes Lee's complaint as an action against the Office of the

9    California Secretary of State, which is a state agency.

10         Under the Eleventh Amendment, states and state agencies have sovereign immunity from

11    suit in federal court. *See Welchen v. Cty. of Sacramento & Kamala Harris*, No. 16-cv-0185 TLN

12    KJN, 2016 WL 5930563, at *3 (E.D. Cal. Oct. 11, 2016) ("State agencies or departments are

13    protected by Eleventh Amendment Sovereign immunity when named as a defendant.").  However,

14    the Eleventh Amendment "'does not [ ] bar actions for prospective declaratory or injunctive relief

15    against state officers in their official capacities for their alleged violations of federal law.'"  *Id.*

16    (citing *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133–34 (9th Cir. 2012)

17    (citing *Ex parte Young*, 209 U.S. 123, 155–56)). "This is known as the *Ex parte Young*

18    exception[.]" *Id.*  In order for the *Ex Parte Young* exception to apply, "[t]he individual state

19    official sued 'must have some connection with the enforcement of the act . . . that . . .  must be

20    fairly direct; a generalized duty to enforce state law or general supervisory power over the persons

21    responsible for enforcing the challenged provision will not subject an official to suit.'"  *Id.*

22    (quoting *Coal. to Defend Affirmative Action*, 674 F.3d at 1134) (quoting *Ex parte Young,* 209 U.S.

23    at 157).  "Otherwise, suing a state official would be just an indirect way of suing the State." *Id.*

24    (citing *Ex parte Young*, 209 U.S. at 157).

25         Here, Lee has named the California Secretary of State without alleging any facts

26    suggesting that the Secretary of State has a direct connection with the injunctive relief she seeks,

27    namely, the registration of her car and dismissal of her parking ticket.  Nor has she pointed to any

28    statute that authorizes the Secretary of State to perform such duties.  Consequently, her complaint

1    as currently alleged does not fall under the *Ex Parte Young* exception and is barred by Eleventh

2    Amendment sovereign immunity.[2]

3    **C.    Lee Fails to State a Claim Upon Which Relief Can Be Granted**

4         While Lee has not identified any federal statute in support of her Complaint, she refers to

5    "constitutional violations and civil rights violations." Complaint at 4. The Court construes her

6    complaint as attempting to assert claims for violation of Lee's constitutional right to due process

7    under the Fourteenth Amendment and 42 U.S.C. § 1983.

8         To state a claim under 42 U.S.C. § 1983, the plaintiff must show that (1) the defendant

9    committed the alleged conduct while acting under color of state law; and (2) the plaintiff was

10   deprived of a constitutional right as a result of the defendant's conduct. *Balistreri v. Pacifica*

11   *Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). Claims for violation of the Fourteenth

12   Amendment's Due Process Clause can be based on violations of substantive due process or

13   procedural due process. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). The right to

14   substantive due process is aimed at protecting against the arbitrary exercise of government power

15   and a violation occurs only when government conduct "shocks the conscience and violates the

16   decencies of civilized conduct." *Id*. at 846. To state a claim based on the denial of procedural

17   due process, Lee must allege that she had a liberty or property interest that was interfered with by

18   the government, and further that the procedures protecting that interest were constitutionally

19   inadequate. *See Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009).

20        Lee has failed to state a claim for violation of either substantive due process or procedural

21

22   ─────────────────
     [2] The doctrine of sovereign immunity has two other exceptions as well: 1) it does not apply where
23   Congress has abrogated that immunity pursuant to its lawmaking powers conferred by the United
     States Constitution, *see Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000); and 2) a state may
24   waive its Eleventh Amendment immunity by consenting to suit. *See College Sav. Bank Florida v.*
     *Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). As Lee has not pointed to
25   any specific state or federal statute in support of her claims, there is no basis in the Complaint as
     currently alleged for finding that either of these exceptions applies. The Court notes that Eleventh
26   Amendment sovereign immunity is an affirmative defense and is not a matter of subject matter
     jurisdiction; therefore, it is governed by Rule 12(b)(6). *Steshenko v. Albee*, 70 F. Supp. 3d 1002,
27   1008 n. 1 (N.D. Cal. 2014) ("Ninth Circuit cases have held that dismissal based on Eleventh
     Amendment immunity should be analyzed under Rule 12(b)(6) and not as a jurisdictional issue
28   under Rule 12(b)(1).") (listing cases).

United States District Court
Northern District of California

5

1  due process.  As to the former, she has alleged that the parking ticket that allegedly resulted in

2  denial of her registration was issued "maliciously" but has included no specific factual allegations

3  to support an inference that the ticket was the result of the type of egregious conduct that is

4  necessary to state a claim for violation of substantive due process.  Further, cases that have

5  addressed substantive due process claims based on the issuance of parking tickets have generally

6  rejected such claims, finding the allegations were not sufficient to state a claim under the high

7  standard governing claims for substantive due process.  *See Pimentel v. City of Los Angeles*, No.

8  CV 14-1371 FMO (EX), 2015 WL 13763671, at *7 (C.D. Cal. Sept. 29, 2015) ("Given the very

9  high standard described in the preceding paragraphs, a number of courts facing facts similar to

10  those alleged by plaintiffs in this case have found that such allegations are insufficient to state a

11  claim for denial of substantive due process.") (citing *Kelly v. Rice*, 375 F.Supp.2d 203, 209

12  (S.D.N.Y. 2005) ("Nothing about the issuance of a parking ticket implicates the rarely-used

13  doctrine of substantive due process."); *Yagman v. Garcetti*, 2014 WL 3687279, *3 (C.D. Cal.

14  2014); *Peruta v. City of Hartford*, 2012 WL 3656366, *10 (D. Conn. 2012) ("It cannot be said that

15  the City's conduct, in giving Plaintiff a parking ticket for failing to pay, even assuming that the

16  plaintiff did not have actual or constructive notice that he had to pay for parking, was 'arbitrary,'

17  'malicious,' or 'brutal' in the constitutional sense . . . Nor has Plaintiff alleged that there was any

18  improper motive or a purposeful harm.")).

19      Similarly, as to procedural due process, Lee has not alleged that the procedures for

20  challenging the parking ticket were inadequate or that these inadequacies resulted in the denial of

21  her registration.[3]  In particular, although she has alleged some specific facts about her efforts to

22  track down the lost parking ticket and the apparent lack of assistance she received from the clerk's

23  office at various state courts, she has not included any allegations regarding the procedures for

24  challenging the parking ticket or the denial of her vehicle registration, which is the only basis for

25

26  _____

27  [3] Lee's claim likely does implicate a liberty or property interest, however, to the extent that she
    has alleged that she is homeless and lives in her car.  *See Cox v. Yellowstone Cty.*, 795 F. Supp. 2d
    1128, 1136 (D. Mont. 2011) (holding that plaintiff who lost his mobile home as a result of the

28  state's lien procedures adequately alleged a property interest for the purposes of procedural due
    process claim).

United States District Court
Northern District of California

1   her due process claim.

2   **I.      CONCLUSION**

3           For the reasons discussed above, Lee is ORDERED TO SHOW CAUSE why this case

4   should not be dismissed on the basis of sovereign immunity and because she has not alleged

5   sufficient facts to state a claim for violation of her right to due process under 42 U.S.C. § 1983.

6   Lee may respond by filing either an amended complaint that addresses the deficiencies discussed

7   above or a response that addresses why her current complaint is sufficient.  Lee's response shall be

8   filed by August 28, 2020.  If Lee does not file a response by that date, the case will be reassigned

9   to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C.

10  § 1915(e)(2)(B).

11          Any amended complaint must include the caption and civil case number used in this order

12  (19-cv-06894) and the words FIRST AMENDED COMPLAINT on the first page.  Because an

13  amended complaint completely replaces the previous complaint, any amended complaint may not

14  incorporate claims or allegations of Lee's original complaint by reference, but instead must

15  include all of the facts and claims Lee wishes to present and all of the defendants he wishes to sue.

16          Lee, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono

17  Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for

18  assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor

19  at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room

20  470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments, which are

21  currently being conducted by telephone or video-conference, can be made by calling (415) 782-

22  8982 or emailing federalprobonoproject@sfbar.org.  Lawyers at the Legal Help Center can

23  provide basic assistance to parties representing themselves but cannot provide legal representation.

24          **IT IS SO ORDERED.**

25

26  Dated: July 19, 2020

27  _____

28  JOSEPH C. SPERO
    Chief Magistrate Judge